UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL SARTISKY | CIVIL ACTION |
| VERSUS | NO. 14-1125 |
| LOUISIANA ENDOWMENT FOR THE HUMANITIES | SECTION "N" (5) |

**ORDER AND REASONS**

Presently before the Court is "Defendant's Rule 12(b)(6) Partial Motion to Dismiss" (Rec. Doc. 15) concerning Plaintiff's claims for Bad Faith Breach of Contract, "Abuse of Rights", and violation of Louisiana Employment Discrimination Law ("LEDL"). For the reasons stated herein, **IT IS ORDERED** that the motion is hereby **GRANTED IN PART** and **DENIED IN PART**.

**A. Legal Principles**

In evaluating motions to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Iqbal, 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557); see also Christopher v. Harbury, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations

1

omitted); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." United States ex rel. Grubbs v. Kanneganti, 565 F.3d 180, 186 (5th Cir. 2009).

Under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir.), cert. denied, 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

**B. Application of the Legal Principles**

In his "Complaint" (Rec. Doc. 1) and "First Supplemental Amended Complaint" (Rec. Doc. 7), Plaintiff, Michael Sartisky, claims breach of contract, bad faith breach of contract, "abuse of

rights," violation of the wage statute, and violation of the LEDL for age discrimination. Defendant, Louisiana Endowment for the Humanities ("LEH"), moved for a partial dismissal of Sartisky's claims, specifically, the claims for bad faith breach of contract, "abuse of rights," and violation of the LEDL. For the reasons stated herein, LEH's motion is granted in part and denied in part, whereby the motion to dismiss is granted with respect to Sartisky's LEDL claim, and denied regarding the bad faith breach of contract and "abuse of rights" claims.

### 1. Bad Faith Breach of Contract

Louisiana law requires contracts to be performed in good faith. La. C.C. art.1983. The Civil Code does not expressly define "good faith" but does define "bad faith" as "an intentional and malicious failure to perform." La. C.C. art. 1997. Bad faith requires finding "more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives." MKR Servs., L.L.C. v. Dean Hart Const., L.L.C., 44, 456 (La. App. 2 Cir. 7/8/09), 16 So. 3d 562, 566.

LEH contends that Sartisky was properly terminated under the terms of his contract, which provided that his employment could be terminated for cause for "misfeasance, malfeasance, or moral turpitude." (Rec. Doc. 15-1 at p. 4). As such, LEH argues that it could not have acted in bad faith because, if a party acts in accordance with the express terms of an agreement, "that party cannot as a matter of law be acting in breach of the implied covenant of good faith and fair dealing." Woman's Hosp. Found. v. Nat'l Pub. Fin. Guarantee Corp., 11-CV-00014, 2012 WL 956622 (M.D. La. Mar. 20, 2012) aff'd, 524 F. App'x 136 (5th Cir. 2013) (citing Amoco Prod. Co. v. Texas Meridian Resources Exploration Inc., 180 F.3d 664, 669–70 (5th Cir.1999); Clark v. America's Favorite Chicken Co., 110 F.3d 295, 298 (5th Cir.1997)).

3

In response, Sartisky claims that the issue is not whether LEH had authority to terminate him for "misfeasance, malfeasance, or moral turpitude" but whether there was sufficient cause to do so, and he also challenges the veracity of LEH's stated motivation for his termination. (Rec. Doc. 18 at p. 3). Sartisky suggests the following facts in support his allegations of bad faith breach of contract:

> he was never given the opportunity to participate in any grievance procedure as required by the employment agreement, Complaint ¶ 29; [] he was never provided with any written or specific verbal charges, grievances or complaints against him and that he received no written documentation of any specific concerns, Complaint ¶ 32; [] he was never confronted with the identify of any individual who he allegedly made uncomfortable, Complaint ¶ 34; [] he was never presented with evidence supporting the contention that he made anyone uncomfortable, Complaint ¶ 34; and [] Defendant has engaged in a pattern of acts demonstrating spite and bad faith in connection with the termination of his employment, Complaint ¶ 47. These include that Dr. Sartisky had been diagnosed with cancer at the time his employment was terminated, and that Defendant failed and refused to pay the premiums on Dr. Sartisky's medical insurance, Complaint ¶¶ 36, 47; that Defendant failed to pay him his $20,000.00 bonus in January 2014, Complaint ¶ 47; that Defendant failed to pay his HSA contributions, Complaint ¶ 47; that Defendant refused to provide Dr. Sartisky's forwarding information to those who requested it, Complaint ¶ 47; and that Defendant refused to allow Dr. Sartisky to attend or reimburse him for money he paid for a sponsor's table at an event which he created and in which he had significant involvement, Complaint ¶ 47.

(Id.). In addition, while he does not argue this as a possible factor demonstrating bad faith in his opposition, Sartisky, 62 years of age at the time of the termination (Rec. Doc. 1 at p.3), alleges in his complaint that two other similarly aged men were terminated less than a month after Sartisky

4

was fired. Relatedly, Sartisky alleges he was replaced by a woman under the age of forty.[1] (Rec. Doc. 1 at p. 8). Further, Sartisky suggests that, as a result of the three terminations, LEH had effectively fired all male employees over the age of fifty-five (55) within a few weeks. Id.

For the following reasons, the Court finds that the facts alleged adequately support a claim for bad faith breach of contract. First, the parties do not contest the existence of a valid employment contract. Second, accepting all of plaintiff's well-pleaded facts as true, the Court finds that Sartisky has sufficiently alleged facts to support (1) his assertion that he was improperly termination and (2) that LEH's conduct was intentional and malicious. Specifically, Sartisky alleges that LEH's conduct during the investigation was improper where he was never provided with documentation of the specific allegations against him, any evidence of LEH's contentions, or the identity of the parties involved. (Rec. Doc. 1 at p. 6-8). Additionally, he claims LEH acted in violation of its own grievance policies throughout the investigation. Id. Also, Sartisky contends that age was a motivation for his termination coupled with an assertion that the only other similarly aged male employees were terminated as well. Based on these allegations and others stated in the complaint, the Court finds that Sartisky has presented enough factual matter to survive a motion to dismiss under Rule 12(b)(6). In other words, Sartisky has alleged "more than the mere possibility of misconduct." Iqbal, 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Therefore, the motion to dismiss Sartisky's bad faith breach of contract claim is denied.

---

[1] The Court recognizes that the LEDL age discrimination claim is barred by statute and the parties have stipulated to its dismissal. However, the Court believes that the allegations are sufficient to raise the question of whether Sartisky's employment contract was breached in bad faith.

**2. "Abuse of Rights"**

Under Louisiana law, the "abuse of rights" doctrine applies to the exercise of a contractual right when: (1) the predominant motive for the exercise of the right is to cause harm; (2) there is no serious or legitimate motive for the exercise of the right; (3) the exercise of the right violates moral rules, good faith, or elementary fairness; or (4) the exercise of the right is for a purpose other than that for which it was granted. Steier v. Heller, 31, 733 (La. App. 2 Cir. 5/5/99), 732 So. 2d 787, 791 (internal citations omitted). The doctrine has been invoked sparingly in Louisiana. Id.

In support of his "abuse of rights" claim, Sartisky asserts that he has sufficiently alleged bad faith breach of contract, his termination was motivated by age, LEH acted contrary to its own by-laws, policies, and procedures during his termination investigation, LEH refused to pay him wages that he was owed, and the termination was intended to "aggrieve Sartisky's feelings." (Rec. Doc. 18 at p. 6 (citing Rec. Doc. 1)). On the other hand, LEH argues that it did not engage in any of the conditions set forth under the "abuse of rights" doctrine because LEH fairly conducted a "lengthy work place investigation" and subsequently terminated Sartisky for cause for "misfeasance, malfeasance, or moral turpitude" in accordance with the employment agreement. (Rec. Doc. 15-1 at pp. 6-8).

For the same reasons that the Court finds that Sartisky has alleged sufficient facts to make a valid claim for bad faith breach of contract, the Court also finds that Sartisky has alleged minimally sufficient factual matter to survive a motion dismiss pursuant to Rule 12(b)(6) with regard to his "abuse of rights" claim. Specifically, the doctrine applies when "the exercise of the right

violates moral rules, *good faith*,[2] or elementary fairness." Steier, 732 So. 2d at 791 (emphasis added). As previously stated, Sartisky has made a sufficient showing of *bad faith* in connection with his termination. As a result, he has met his burden here as well. In addition, the Court finds that Sartisky has made a sufficient showing that there was "no serious or legitimate motive for the exercise of the right" because he alleges that LEH's reasons for termination were a pretext for a termination motivated by age, and not for "misfeasance, malfeasance, or moral turpitude" as required under the contract. In connection with this allegation, Sartisky offers that two other similarly situated employees were fired within weeks of his termination, which eliminated all of LEH's male employees over the age of 55. Consequently, Sartisky has demonstrated enough facts to suggest "facial plausibility" rather than "sheer possibility." Thus, the motion to dismiss Sartisky's "abuse of rights" claims must be denied as well.

### 3. Louisiana Employment Discrimination Law

Sartisky concedes that his LEDL claim for age discrimination is barred because LEH is non-profit organization not subject to the statute under its "employer" definition. Therefore, the motion to dismiss is granted with respect to Sartisky's LEDL claim.

## C. Conclusion

For the reasons stated herein, Sartisky has alleged sufficient facts to survive a motion to dismiss under Rule 12(b)(6) on his bad faith breach of contract and "abuse of rights" claims. Sartisky concedes dismissal of his LEDL claim.

---

[2] In this case, the Court sees little difference between the order of proof for the bad faith breach of contract claim and the "abuse of rights" claim. Both place a heavy evidentiary burden on the plaintiff well beyond the straight breach of contract claim.

Accordingly,

**IT IS ORDERED** that "Defendant's Rule 12(b)(6) Partial Motion to Dismiss" (Rec. Doc. 15) is **GRANTED IN PART** and **DENIED IN PART.**

New Orleans, Louisiana, this 26th day of September 2014.

**KURT D. ENGELHARDT**
**United States District Judge**