UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL SARTISKY | CIVIL ACTION |
| VERSUS | NO. 14-1125 c/w 15-883 |
| LOUISIANA ENDOWMENT FOR THE HUMANITIES | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is Defendant Michael Sartisky's Motion to Dismiss pursuant to Rule 13(a) of the Federal Rules of Civil Procedure (Rec. Doc. 88). Plaintiff the Louisiana Endowment for the Humanities ("LEH") filed a response in opposition (Rec. Doc. 103). Sartisky filed a reply (Rec. Doc. 110). LEH filed a surreply (Rec. Doc. 116).

In his motion, Sartisky argues that LEH's claims raised in the consolidated case (2:15-cv-883 the "2015 Matter")) were compulsory counterclaims to the original case No. 2:14-cv-1125 (the "2014 Matter") and, thus, were procedurally time barred because they were filed after the deadline to amend pleadings, contained in the Court's Scheduling Order (Rec. Doc. 28), had already passed. In response, LEH contends that (1) the claims were not compulsory but permissive counterclaims, and (2) even if they are found to be compulsory counterclaims, Rule 13 of the Federal Rules of Civil Procedure does not bar these claims, nor does it require that these claims be dismissed with prejudice.

Sartisky has not raised any prescriptive or res judicata grounds for dismissal. The sole argument in favor of barring the claims brought in the 2015 Matter is that they were compulsory and, because LEH brought these claims after the Court's amendment deadline had passed, the Court

1

should dismiss them with prejudice. (Rec. Doc. 110 at p.8). Although LEH chose to initiate a separate action rather than move to amend the Court's Scheduling Order, the issue before the Court essentially is whether it is willing to modify the existing Scheduling Order to permit a late filing of LEH's counterclaims. Consequently, as Sartisky correctly points out in his reply memorandum, Rule 16 of the Federal Rules is applicable here.

Rule 16 provides that a scheduling order may be modified only for good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). After considering the parties' pleadings and all of the relevant facts and circumstances, the Court finds, for substantially similar reasons to those listed in LEH's surreply, that good cause exists to permit a late filing of these counterclaims, regardless of their status as compulsory or permissive. (*See* Rec. Doc. 116 at p. 6-7). And, the Court finds that any prejudice to the defendant may be cured by a continuance in this matter, which the parties and the Court recently discussed during a telephone conference held on June 11, 2015. (Rec. Doc. 112).

Accordingly, **IT IS ORDERED** that the Defendant's Motion to Dismiss (Rec. Doc. 88) is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of June 2015.

                                                **KURT D. ENGELHARDT**
                                                **United States District Judge**